496 S.E.2d 191

**Steve RANSON and Cheryl Ranson, his wife, Plaintiffs Below, Appellants,**

v.

**CITY OF CHARLESTON and the Board of Zoning Appeals, Defendants Below, Appellees.**

**No. 23978.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 1997.

Decided Oct. 24, 1997.

---

Thomas R. Goodwin, Dennis C. Taylor, Goodwin & Goodwin, Charleston, for Appellants.

Joyce F. Ofsa, Trina L. Leone, Spilman, Thomas & Battle, Charleston, for Appellees.

PER CURIAM: [1]

This action is before this Court upon an appeal from the final order of the Circuit Court of Kanawha County entered on January 18, 1996. Pursuant to that order, the circuit court affirmed the decision of the Charleston Board of Zoning Appeals (hereinafter BZA) holding that a wall built on appellants' property was in violation of a zoning ordinance and that no variance would be granted. This Court has before it the petition for appeal, the designated record, and the briefs and argument of counsel. As discussed below, this Court is of the opinion that the circuit court acted correctly in affirming the decision of the BZA. Accordingly, the final order is affirmed.

I

In 1994, appellants purchased a home on Grosscup Road in Charleston, West Virginia. Shortly thereafter, appellants obtained a building permit and began a renovation pro-

---

**1.** We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 606 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely *obiter dicta*.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

ject on their new home and surrounding property. As part of the renovations, appellants began constructing a brick wall around the perimeter of their property. Several months later, the City of Charleston (hereinafter City), learned that the appellants' remodeling work was exceeding the costs authorized by their building permit. The City requested that appellants upgrade their permit. When they failed to do so, the City issued a stop work order. In response, appellants applied for and received a new building permit authorizing $150,000 renovations.

Just over a month later, the City issued a second stop work order. This time the appellants were informed that the wall being constructed was in violation of a city ordinance because portions of the wall along the front of the property were more than six feet high.[2] In order to lift the cease and desist order, appellants applied for a height variance. At this point, appellants also hired an engineer to inspect their wall. The appellants informed the engineer that the planned renovations called for filling depressions on the property with fill dirt. Based upon this information and his inspection of the wall, the engineer issued an opinion that the appellants' wall met the definition of "retaining wall" set forth in the BOCA Code.[3] Subsequently, appellants contacted the City and contended that their wall was a "retaining wall" and therefore exempt from the six-foot height restriction.

On April 10, 1995, appellants received a letter from the City planning director stating that he agreed that the wall was a retaining wall and therefore, in his opinion, the appellants would not need a variance. Accordingly, appellants withdrew their request for a height variance. After learning that appellants were no longer seeking a variance, several of appellants' neighbors, who had expressed dissatisfaction with the wall from the

time construction began, appeared at the BZA offices and registered complaints. Thereafter, a third stop work order was issued.

On May 11, 1995, appellants filed an application with the BZA for a declaration that the wall was a retaining wall and in compliance with the city ordinance. Alternatively, appellants sought a two-foot height variance. Following an evidentiary hearing on the request, the BZA issued its decision on June 19, 1995. The BZA concluded that the wall was "essentially constructed to enclose the perimeter of the applicant's property and provide a barrier between that property and the property of others." The BZA also found that appellants demonstrated no hardship unique to the property and refused to grant a two-foot variance. Appellants sought relief in the circuit court by filing a Petition for Writ of Certiorari and Complaint for Damages. Following hearings and supplementation of the record, the circuit court affirmed the decision of the BZA as reflected in the final order.

## II

■ Our general standard of review presumes that the actions of a board of zoning appeals were proper. We have held that: "While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syl. pt. 5, *Wolfe v. Forbes*, 159 W.Va. 34, 217 S.E.2d 899 (1975). *See also* syl. pt. 3, *Harding v. Board of Zoning Appeals of the City of Morgantown*, 159 W.Va. 73, 219 S.E.2d 324 (1975); syl. pt. 3, *Shannondale v. Jefferson County Plan-*

---

**2.** The height restriction at issue in this case is found in section 22–3(c) of the Zoning Ordinance of the City of Charleston:

Fences, walls, terraces, steps, or other similar features may project into a required setback, except as provided under Sec. 22–4, Vision field, but shall not exceed six feet in height. However, retaining walls (and fences in commercial and industrial districts) may

exceed six feet in height, provided they do not violate the provision of Sec. 22–4, Vision field.

**3.** The BOCA (Building Officials & Code Administrators International, Inc.) National Building Code, § 1812.2 (12 ed. 1993), defines "retaining wall" as "A wall designed to resist the lateral displacement of soils and other materials." The City's zoning ordinance does not specifically define retaining wall.

*ning and Zoning Comm'n,* 199 W.Va. 494, 485 S.E.2d 438 (1997).

Appellants contend that the BZA's interpretation of section 22–3(c) of the city zoning ordinance,[4] does not comport with common sense, the BOCA Code's definition of "retaining wall,"[5] or the opinions of any of the experts who testified at the BZA hearing. Appellants further contend that the BZA erred in its factual findings by concluding that the subject wall was intended either exclusively or primarily as a perimeter wall. In this case, appellants are essentially requesting this Court to assume the role of the BZA and declare that placing dirt against the interior portion of their wall makes it a "retaining wall" which is exempt from the ordinance requirements. Our standard of review requires us to decline that request.

With respect to interpretation of the ordinance at issue, we cannot ignore the BZA's conclusion that declaring the appellants' wall to be a retaining wall would be tantamount to amending the ordinance. The BZA points out that such action would encourage citizens to circumvent the ordinance by building walls of any height and then justifying them as being retaining walls by placing fill dirt against them. We are mindful of our declaration in *Wolfe,* that "[a] board of zoning appeals is not a law-making body and, consequently, has no power to amend the zoning ordinance under which it functions." 159 W.Va. at 45, 217 S.E.2d at 906. Accordingly, we find that the BZA did not apply an erroneous principle of law and acted within its jurisdiction in ruling upon appellants' application.

Regarding the BZA's factual findings, we first note that the BZA held an extensive public hearing. The BZA heard testimony from the appellants' engineer and city officials as well as statements from the appellants and concerned citizens. Based upon information obtained at that hearing, the BZA issued a detailed order setting forth findings of fact and conclusions of law in support of its decision to deny the appellants' request. A crucial finding of the BZA was that the wall was never intended to be a "typical retaining wall." The record reflects that throughout the proceedings in this case,

appellants offered different explanations for the wall. In the first instance, the wall was to fence in a vicious pet dog. Eventually, appellants revealed that the enclosed yard was going to be a play area for their children. Appellants stated that they intended to level the yard and in doing so, would be placing dirt against the interior part of the wall making it a retaining wall. We find that the BZA's factual findings are supported by the record and therefore are not plainly wrong.

Based upon all of the above, the final order of the Circuit Court of Kanawha County is affirmed.

Affirmed.

WORKMAN, C.J., deeming herself disqualified, did not participate in the decision of this case.