WILLIAM H. MIERNYK, *et al.*

*v.*

BOARD OF ZONING APPEALS OF CITY OF MORGANTOWN, *etc., et al.*

(No. 13068)

Submitted May 11, 1971.                    Decided June 15, 1971.

*Farmer & Farmer, George R. Farmer, Jr., John W. Fisher, II*, for plaintiffs in error.

*Frank J. DePond,* for defendant in error Zoning Board and City of Morgantown.

*David L. Solomon,* for defendant in error Lillian M. Harding.

BROWNING, JUDGE:

This is a writ of error from a final judgment of the Circuit Court of Monongalia County dated September 17,

1970, affirming, upon a writ of certiorari, a final order of the Board of Zoning Appeals of the City of Morgantown, dated May 20, 1970.

In February of 1970, Lillian V. Harding, one of the defendants in error herein, applied to the Morgantown city manager for a building permit to allow her to convert the basement of a duplex apartment which she owned into two additional apartments. The application was denied on February 26, 1970, on the basis that the conversion would be in violation of the city zoning ordinance in that the area in which the building was located was designated as an "R2 Zoned Area," that being the designation for single and two family dwellings only. Thereafter, she petitioned the zoning appeals board for review of the city manager's decision. A public hearing was held at which time the plaintiffs in error herein appeared in opposition.

On May 20, 1970, Harding's application was approved, whereupon the plaintiffs in error petitioned the Monongalia County Circuit Court for a writ of certiorari. As stated, the court affirmed the aforesaid action of the board of zoning appeals. This Court granted the petition of the plaintiffs in error for a writ of error on March 8, 1971, and on May 11, 1971, the case was submitted for decision upon a motion to reverse filed April 6, 1971, and briefs and oral argument of counsel for both sides.

Plaintiffs in error assign as error the circuit court's affirming the decision of the board of zoning appeals since the said board "failed to make a mandatory finding of fact as required by Section 23 of the Zoning Ordinance of the City of Morgantown"; the dismissal by the court of the writ of certiorari without remanding the case to the board of zoning appeals for evidentiary purposes and for making the aforementioned findings of facts; and the court's action in not reversing the granting of a "variance" by the appeals board since that decision was not based upon testimony or "other proper evidence" and no finding of fact was made.

Counsel for both sides have filed excellent briefs in this case, citing authority from other jurisdictions, inasmuch as the particular question for the trial court and now this Court is one of first impression in this State. In reviewing these cases it is evident that all of the zoning ordinances are not identical with (and some are not even similar to) the zoning ordinance of the City of Morgantown. Therefore, in making a determination and decision in this case, we have looked carefully to the zoning ordinance before us, believing that to be controlling so long as the provisions thereof are valid.

Counsel for the defendants in error in brief and oral argument contended vigorously that there is a difference between a "variance" and a "conditional use" and that what their client sought and received was a conditional use which did not require the board of zoning appeals to make the findings required of it where a variance from the zoning ordinance is sought. The application of Lillian Harding stated as the only reason for increasing her two-unit building to a four-unit building as follows: "The demand for housing in this area is great due to the close proximity to the University." This is the decision of the zoning appeals board after a public hearing:

> The second application made in the name of Lillian Harding to convert basement area of existing duplex into two apartments.
>
> Adter [sic] discussion Mr. Wytko moved the application to be approved.
>
> Seconded by Mr. Hare, the motion passed unanimously.

As heretofore stated, the entire City of Morgantown is zoned and each zone is designated by letter followed by a figure, such as: "B1," "B3," "R2," "R3," etc. Also, as heretofore stated, the building in question is in an "R2" area, and the ordinance specifically provides that in such an area there shall be only single and two-family dwellings. When Mrs. Harding desired to add two additional units to her building it was necessary, in order not to

violate the zoning ordinance and become liable to a penalty, to obtain permission from the city manager or, if refused by him, the board of zoning appeals to make the alterations. Section 19 of the zoning ordinance is entitled "CONDITIONAL USES AND PROCEDURE." "A" and "B" of that section provide as follows:

A. USES PERMITTED

The Conditional Uses listed in Table 11, and their accessory buildings and uses, may be permitted by the Board in the District indicated in accordance with the procedures set forth in this section.

B. PROCEDURE

Upon the receipt of an application for a Conditional Use by the Board, it shall be referred to the Commission for investigation as to the manner in which the proposed location and character of the Conditional Use will affect the Comprehensive Plan. The Commission shall report the results of its study of the proposal to the Board, and, if the report be favorable, the Board, after public notice and hearing may grant the permit, including the imposition of such conditions of use as the Board deems essential to insure that the Conditional Use is consistent with the spirit, purpose and intent of this ordinance.

It is evident that those who prepared and the voters who approved the zoning ordinance realized that situations might arise in which exceptions to the strict provisions of the ordinance might be warranted if a proper showing were made therefor. In clear and unambiguous language, subsection H of Section 23, which section is entitled "BOARD OF ZONING APPEALS," provides:

No variance in the application of the provisions of this ordinance shall be made by the Board relating to buildings, land or premises now existing or to be constructed, unless after a public hearing, the Board shall find:

(1) That there are exceptional or extraordinary circumstances or conditions applicable to the property or to the intended use that do not

apply generally to the other property or class of use in the same vicinity and District.

(2) That such variance is necessary for the preservation and enjoyment of a substantial property right possessed by other property in the same vicinity and District but which is denied to the property in question.

(3) That the granting of such variance will not be materially detrimental to the public welfare or injurious to the property or improvements in such vicinity and District in which the property is located.

(4) That the granting of such variance will not alter the land use characteristics of the vicinity and District, diminish the marketable value of adjacent land and improvements or increase the congestion in the public streets.

These provisions bring us to the crucial question presented in this case and call for an interpretation of their meaning. It is evident from what has been stated that the board did not specifically make the four findings required by subsection H. It is necessary in considering paragraph A of Section 19 to refer to Table 11 on the last page of the zoning ordinance. It is entitled "CONDITIONAL USES - MAY BE PERMITTED" and contains twenty-seven situations in which such conditional use may be granted and the districts or areas in which such may be permitted. One of those is entitled "Multi-family dwelling" and the districts in which such conditional use may be granted are "R1, R2 & B2." Paragraph A of Section 19 provides in clear and unambiguous language that conditional uses listed in Table 11 may be permitted "in accordance with the procedures set forth in this section." However, it must be remembered that subsection H provides also in clear and unambiguous language that "no variance in the application of the provisions of this *ordinance* shall be made by the board relating to buildings . . . unless after a public hearing, the board *shall*" make the four findings required by that subsection. (Emphasis added.) It seems patently clear that a conditional use is

a "variance in the application of the provisions of this ordinance."

It is admitted that the board made no specific findings as to each of these four provisions, but it is argued by counsel for the defendants in error that the decision of the board "substantially" complied with subsection H. It is the view of this Court that the language of subsection H is mandatory and that the board did not comply with its terms by making the findings required therein. Without such findings it would not be possible for the circuit court upon certiorari or this Court upon writ of error to determine whether the conditional use sought by the applicant before the board violated any of the conditions required before the granting of such a conditional use. In other words, these review procedures would be worthless if it could be said that written findings are not necessary, for there would be nothing to review. It is the opinion of this Court that the allowable use of property in a particular zone of the city may be changed in only one of two ways: (1) By rezoning or (2) by making proper showing by way of application, first to the city manager and, if the application is denied by him, then by appeal to the zoning appeals board for an exception to the use of the area which is zoned for a particular purpose. If an exception, or, to use the words of the ordinance, a "conditional use," that is a deviation from the provisions of the ordinance is sought in a zoned area, such an exception constitutes a variance.

Inasmuch as the board of zoning appeals did not comply with subsection H of Section 23 by making the four written findings required therein, it is the view of this Court that the judgement of the Circuit Court of Monongalia County refusing upon certiorari to disturb the decision of the board of zoning appeals was erroneous and, therefore, the motion to reverse is granted. It is further the view of this Court that this case be remanded to the Circuit Court of Monongalia County with directions to also remand the case to the board of zoning appeals

directing the board to comply with the mandatory provisions of subsection H of Section 23.

*Motion to reverse granted; reversed and remanded with directions.*