485 S.E.2d 438

**SHANNONDALE, INC., Plaintiff Below, Appellant,**

v.

**JEFFERSON COUNTY PLANNING AND ZONING COMMISSION; Ernest R. Benner; Scott Coyle, Samuel J. Donley, Jr., H. Richard Flaherty, Paul W. Griger, A.G. Hooper, Jr., Rosella Kern, R. Gregory Lance, Betty Roper, Lyle Campbell Tabb, III, and Gilbert Page Wright, Jr., Members of the Jefferson County Planning and Zoning Commission, Defendants Below, Appellees.**

No. 23453.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 4, 1997.

Decided April 11, 1997.

Douglas S. Rockwell, Steptoe & Johnson, Charles Town, for Appellant.

J. Michael Cassell, Assistant Prosecuting Attorney, Charles Town, for Appellees.

PER CURIAM:

Shannondale, Inc.("Shannondale") appeals a decision of the Circuit Court of Jefferson County which affirmed a decision of the Jefferson County Planning and Zoning Commission ("Commission") interpreting an ordinance and denying Shannondale a zoning variance. On appeal, Shannondale maintains that there are errors concerning the meaning of the subdivision ordinance, the recusal of a Commission member and the denial of a

variance. Although we find no error in the interpretation of the subdivision ordinance, we find error in the Commission's failure to set forth the factual basis for its denial of a variance. We, therefore, affirm, in part, reverse, in part, and remand the case for the Commission to conduct, at its discretion, either a reconsideration or a full hearing. In either case, the Commission is directed to make specific findings of fact and conclusions of law.

## I.

### Facts and Background

Shannondale seeks to develop several parcels of real estate that it owns in Jefferson County. The parcels constitute a 19–acre tract located east of the Shenandoah River and Mission Road bordering on the existing Shannondale subdivision. The development plan calls for 15 single family residences to be developed on the 19–acre tract. The tract is to be accessed via Grey Fox Road, which would connect the development to a public highway. Grey Fox Road, which is not part of the proposed development, has existed for over 30 years, has about 10 families living along it and appears to be a steep, narrow, winding road.

The development of subdivisions in Jefferson County is governed by the Jefferson County Subdivision Ordinance ("Ordinance"). The Ordinance has two sections pertaining to road specifications, which are important for this case. Section 4.8.a of the Ordinance provides that a road accessing a subdivision "meet the standards required for rights-of-way and roads within the proposed subdivision."[1] Section 8.2.a.16 of the Ordinance requires a developer who uses an existing access road "must upgrade such road ... to the asphalt standards of this Ordinance...."[2] Shannondale maintains that

1. Section 4.8.a of the Ordinance provides:
    Any proposed subdivision that is not adjacent to a public highway shall be connected to a public highway by a right-of-way(s) and road(s) that meet the standards required for rights-of-way and roads within the proposed subdivision. The provision may require upgrading of rights-of-way and roads that are not owned by the subdivider and that was platted

and recorded prior to the date the subdivider filed a subdivision application.

2. Section 8.2.a.16 of the Ordinance provides, in pertinent part:
    [A]ny person who constructs a subdivision road that enters upon an existing road (lane, etc.) that serves ten dwelling units or more and that is not a public highway, must upgrade

only the asphalt upgrade requirement of Section 8.2.a.16 applies to Grey Fox Road and not the subdivision standards of Section 4.8.a. After the Commission found that under the Ordinance, the subdivision standards of Section 4.8.a were applicable to Grey Fox Road, Shannondale sought a variance, whereby it offered to upgrade Grey Fox Road but not to the subdivision standards.

After the Commission denied Shannondale a variance, Shannondale filed a petition for a Writ of Certiorari and an Action for Declaratory Relief in the circuit court. The circuit court found that the Ordinance, when read *in pari materia*, required Grey Fox Road be upgraded to subdivision standards and that the decision to deny the variance was supported by the evidence. This appeal follows the circuit court's affirmation of the Commission's decision.

On appeal, Shannondale argues: (1) the circuit court erred in applying the higher subdivision standards of Section 4.8.a to Grey Fox Road; (2) the variance sections of the Ordinance are void for vagueness; (3) the circuit court erred in failing to find the Commission's order tainted because of the participation of a commissioner with a personal animosity toward Shannondale; and (4) the circuit court erred in refusing to overturn the Commission's denial of a variance without any written findings of fact.

## II.

### *Discussion*

#### A.

##### *Access Road Standards*

Shannondale maintains that the Ordinance requires the upgrading of the asphalt on the access road, but does not require the access road to meet the subdivision road standards. Specifically Shannondale argues that section 4.8.a (subdivision road standards requirement) is a general provision and its requirements are superseded by the specific provision dealing with existing access roads, namely section 8.2.a.16 (asphalt up-grade). *See supra* notes 1 and 2 for the text of 4.8.a

and 8.2.a.16, respectively. The Commission maintains that the provisions are not exclusive and must be read together to insure safe and well-constructed roads, one of the purposes of the Ordinance.

We review *de novo* the circuit court's determination of the meaning of the Ordinance. The interpretation question was presented in an action for a declaratory judgment. Syllabus Point 3 of *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995) states: "A circuit court's entry of a declaratory judgment is reviewed *de novo*." In *Cox*, we further explained that "because the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo*." *Cox*, 195 W.Va. at 612, 466 S.E.2d at 463. Factual determinations used by the circuit court to reach the ultimate legal resolution are reviewed under a clearly erroneous standard.

Our general rules of statutory construction are applicable in this case. *See* Syllabus Points 10 (ambiguous statutes must be construed before applied) and 11 (effect should be given to the legislature's intent) of *Cox, supra*. Because two provisions of the Ordinance deal with access road requirements, we also apply our statutory construction rules relating to two or more provisions. The Commission emphasized the consideration of all the Ordinance's provisions, and Shannondale emphasized the preference given to a specific provision over a general provision. Syllabus point 12 of *Cox* states:

" 'Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly.' Syl. pt. 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159

such road (lane, etc.) to the asphalt standards of this Ordinance so as to provide a continuous

asphalt road from all of the new subdivision lots to a public highway.

W.Va. 14, 217 S.E.2d 907 (1975)." Syl. pt. 1, *State ex rel. Lambert v. County Commission of Boone County,* 192 W.Va. 448, 452 S.E.2d 906 (1994).

Syllabus Point 1 of *Whitlow v. Bd. of Educ. of Kanawha County,* 190 W.Va. 223, 438 S.E.2d 15 (1993) states:

"The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syllabus Point 1, *UMWA by Trumka v. Kingdon,* 174 W.Va. 330, 325 S.E.2d 120 (1984).

*See Vance v. Ritchie,* 178 W.Va. 155, 157, 358 S.E.2d 239, 241 (1987) (general venue provision "must yield to the more specific").

When the Ordinance is considered in light of both these rules of statutory construction, the conclusion is that access roads must meet the same standards as the subdivision roads except that if gravel roads are used in the subdivision, then the access road must be asphalted. Section 8.2.a.16 of the Ordinance specifically deals with the road surface of both subdivision roads and access roads to the subdivision either gravel or asphalt and provides that *"[g]ravel roads* may be constructed only in subdivisions that meet *all* of the ... [listed] requirements." However, access roads "must be upgrade[d] ... to the asphalt standards of this Ordinance." This specific provision relates to the road surface and does not conflict with the general provision requiring an access road meet the same standards as the subdivision roads (section 4.8), except to impose a higher standard for the surface of an access road when the subdivision roads are gravel. Other sections of the Ordinance provide for road width, shoulder width, road grade, ditch depth, lateral slope, fillet radius and others. *See* Ordinance sections 8.2.a.7 through 15. When all the provisions of the Ordinance are read *in pari materia,* we conclude that all sections must be applied to Grey Fox Road. Requiring a higher standard for an access road is consistent with the stated purposes of the Ordinance which include "health, safety, ... prevent[ion of] ... undue congestion of ... traffic[,] ... adequate and efficient transportation, [and preservation of] the integrity, stability, and natural beauty of the community." *See* Ordinance, section 1.1, in part. We find no error in the circuit court's conclusion that sections 4.8 and 8.2 of the Ordinance are applicable to the proposed subdivision roads and to the access road.

#### B.

#### *Denial of Variance*

In maintaining that it was improperly denied a variance, Shannondale argues: first, the provisions of the Ordinance dealing with the granting of variances are unconstitutionally vague; second, the Commission's decision to deny Shannondale a variance is contrary to the facts; and third, the denial of the variance violated Shannondale's right to equal protection. We begin by examining the variance provisions of the Ordinance to determine if those provisions are unconstitutionally vague.

In order to obtain relief from the explicit requirements of the Ordinance, a developer can, under Section 17.1 of the Ordinance, request a variance. Section 17.1 provides that a variance:

... may be granted by the Planning Commission only when it is determined that:

a) The request is not contrary to the public interest.

b) A literal enforcement of this Ordinance will result in unnecessary hardship.

c) The request is not the result of a self-imposed hardship.

d) The spirit of this Ordinance will be observed and substantial justice done.

These variance guidelines are similar to the other variance guidelines. In *Mustard v. The City of Bluefield,* 130 W.Va. 763, 766, 45 S.E.2d 326, 327 (1947), quoting a similar ordinance allowing a variance, Bluefield allowed a variance when "such variance, modification or interpretation shall remain in harmony with the general purpose and intent of this ordinance, so that the health, safety, morals and general welfare of the community shall be conserved and substantial justice done." *W.Va.Code,* 8–24–55(4) [1969] provides simi-

lar variance guidelines for boards of zoning appeals:

The board of zoning appeals shall:

\* \* \* \* \* \*

(4) Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

In Syllabus Point 3, *Hartsock–Flesher Candy Co. v. Wheeling Wholesale Grocery Co.*, 174 W.Va. 538, 328 S.E.2d 144 (1984), *modified on other grounds, Gibson v. W.V. Dept. of Highways*, 185 W.Va. 214, 406 S.E.2d 440 (1991), we applied a less restrictive test when the vagueness doctrine is raised concerning economic matters.

It is appropriate under the Due Process Clause vagueness doctrine to apply a less restrictive test to statutes or ordinances involving economic matters in which criminal penalties are not at issue.

When we apply the appropriate less restrictive test, we find that section 17.1 of the Ordinance is not unconstitutionally vague because it provides a reasonable notice of the important issues to those seeking a variance.

■ Having determined that the Ordinance's variance guidelines are not unconstitutionally vague, we turn to Shannondale's argument that the denial of the variance is contrary to the facts. Our general standard of review affords a presumption of correctness to the Commission's actions. Syllabus Point 3, *Harding v. Bd. of Zoning Appeals of the City of Morgantown*, 159 W.Va. 73, 219 S.E.2d 324 (1975), provides:

"While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the

board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syllabus point 5.,[sic] *Wolfe v. Forbes*, [159] W.Va. [34], 217 S.E.2d 899 (1975).

■ In this case, the Commission's denial of the variance was noted in the minutes of the Commission's December 13, 1994 meeting. The minutes reflect the details of the variance, the reasons supporting the variance, the vote on the variance and that there was "much discussion" on the matter. The minutes do not reflect the reasons why the Commission denied the variance.[3] In *Harding*, 159 W.Va. at 82, 219 S.E.2d at 330, we noted that findings of fact by an administrative body are necessary for a proper review by both the circuit court and this Court. *Harding* provided the following rationale for requiring such findings of fact:

"Without such findings it would not be possible for the circuit court upon certiorari or this Court upon writ of error to determine whether the conditional use sought by the applicant before the board violated any of the conditions required before the granting of such a conditional use. In other words, these review procedures would be worthless if it could be said that written findings are not necessary, for there would be nothing to review.... [sic]" *Miernyk [v. Bd. of Zoning Appeals]*, *supra*, [155 W.Va. 143] at 148[, 181 S.E.2d 681 at 684 (1971)].

*Harding*, 159 W.Va. at 82, 219 S.E.2d at 330. This rationale led us to require an administrative body vested with the power to grant special exceptions to zoning ordinances to "set forth the factual basis of its determination...." Syllabus Point 4 of *Harding* states:

Where the power to pass upon special exceptions or conditional uses allowable by a zoning ordinance has been delegated to an administrative body, the body must set forth the factual basis of its determination

---

**3.** The Commission's December 13, 1994 minutes state, in pertinent part:

After much discussion Sam Donely motioned to approve the variance from Article 8, Section 8.2.a.7 as described in a, b, c and d. Ernie Benner seconded the motion which failed with

a vote of 2 for ... 3 opposed ... and 3 abstentions.... Mickey Johnson suggested that the variance from Section 8.2.a.14 is now a moot point. When questioned Mr. Johnson nodded in agreement to withdraw the request.

so that a reviewing court may ascertain whether the administrative decision conforms to the standards in the ordinance for the particular action taken.

See In re Petition Skeen, 190 W.Va. 649, 441 S.E.2d 370 (1994) (board of zoning appeals must make written findings of fact when a conditional use is sought).

█ Similar to Harding, we remand this case to the circuit court with directions to also remand the case to the Commission directing the Commission make the requisite findings of fact. Our remand is without restriction, and therefore, the Commission may exercise its discretion to decide whether to conduct merely a reconsideration or a full hearing. The relief ordered in this case is similar to the relief provided in Harding. Syllabus Point 5 of Harding states:

When a reviewing court has determined that there was reversible error in an administrative decision and the cause is remanded without restrictions to the administrative body, that tribunal is vested with discretion to decide whether to conduct a reconsideration merely or a full rehearing.

Because of our decision remanding this case for findings of fact, Shannondale's equal protection argument is not relevant and we decline to discuss it.

### C.

#### Recusal

█ Shannondale's final argument is that the participation of a commissioner with a personal animosity toward Shannondale renders the December 13, 1994 decision of the Commission void. Because we are remanding this case, we provide the following guidance because the challenged commissioner may still be on the Commission. We begin by noting that the minutes for the December 13, 1994 meeting show that the challenged commissioner abstained from all matters regarding Shannondale. Because Shannondale failed to raise the recusal issue at any other Commission meeting, its after the fact claim about earlier participation by the challenged commissioner is without merit. We note that the challenged commissioner had no interest in the proposed subdivision, but did have a dispute with Shannondale's developer on different matter. Although the challenged commissioner recused himself during the December 13, 1994 meeting, allegations were raised that he remained in his Commission seat.

In view of the conflict between the challenged commissioner and Shannondale's developer, on remand the challenged commissioner should recuse himself from the discussion and vote. In order to avoid the appearance of impropriety, the challenged commissioner or any other person who is recused should absent himself or herself physically from the discussion by leaving his or her customary seat and the general discussion area.

### III.

#### Conclusion

In this case, we affirm the circuit court's decision that the Ordinance requires the access road, Grey Fox Road, be built to subdivision standards and that the variance section of the Ordinance is not unconstitutionally vague. Because the Commission failed to make findings of fact necessary for review procedures, we reverse the portion of the circuit court's decision affirming the denial of the variance and remand the case with directions to the Commission without restriction, so that the Commission may, in its discretion, either conduct a reconsideration or a full hearing.

For the above stated reasons, the decision of the Circuit Court of Jefferson County is affirmed, in part, reversed, in part and remanded, with directions.

Affirmed, in part, reversed, in part, and remanded.