496 S.E.2d 239

**Aubrey E. HENRY, Plaintiff Below, Appellant,**

v.

**JEFFERSON COUNTY PLANNING COMMISSION, Defendant Below, Appellee.**

**No. 23743.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 15, 1997.

Decided Nov. 21, 1997.

---

Joanna I. Tabit, Steptoe & Johnson, Charleston, for Appellant.

Michael D. Lorensen, Bowles Rice McDavid Graff & Love, Martinsburg, for Appellee.

PER CURIAM: [1]

This action is before this Court upon an appeal from the final order of the Circuit Court of Jefferson County entered on January 16, 1996. Pursuant to that order, the circuit court affirmed the decision of the Jefferson County Board of Zoning Appeals (hereinafter "BZA") denying appellant, Aubrey Henry, a conditional use permit for construction of a townhouse development. This Court has before it the petition for appeal, the designated record, and the briefs

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely *obiter dicta....* Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

and argument of counsel. As discussed below, this Court is of opinion that the BZA failed to set forth the factual basis for its denial of the conditional use permit. Accordingly, the final order is reversed and this case is remanded to require the BZA to make specific findings of fact.

I

Appellant owns 11.69 acres of land in an area zoned "rural agricultural" near Shepherdstown, West Virginia. In 1994, appellant filed an application with the Jefferson County Planning Commission (hereinafter "Commission") requesting a zoning conditional use permit for a proposed development of townhouses on his property. Appellant planned to construct seventy-six townhouse units and two detached single family dwellings on the property.

Pursuant to the Jefferson County zoning ordinance, the application was reviewed by the Commission staff and discussed at a Compatibility Assessment meeting. The Commission then conducted a public meeting on May 24, 1994. During the meeting, several individuals in the community expressed opposition to the project. Subsequently, the Commission denied the permit. Appellant filed an appeal with the BZA which affirmed the Commission's decision after a public hearing.

Thereafter, appellant sought relief in circuit court by filing a Petition for Writ of Certiorari.[2] The circuit court affirmed the decision of the BZA as reflected in the final order.

II

■ Our general standard of review presumes that the actions of a board of zoning appeals were proper. We have held that: "While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the adminis-

trative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syl. pt. 5, *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975). *See also* syl. pt. 3, *Shannondale v. Jefferson County Planning and Zoning Comm'n,* 199 W.Va. 494, 485 S.E.2d 438 (1997); syl. pt. 3, *Harding v. Board of Zoning Appeals,* 159 W.Va. 73, 219 S.E.2d 324 (1975).

■ Appellant's primary assignment of error is that the circuit court erred in concluding that the Commission and BZA set forth adequate findings of fact which would allow a meaningful review. The Commission's decision to deny appellant a conditional use permit was only noted in the Commission's May 24, 1994, meeting minutes. The minutes indicate that a number of individuals spoke about their concerns regarding the appellant's proposed development and that several other people stated that they were opposed to the project. The permit was denied following the meeting "based on the density, the projects danger to the Town Run and Morgan Grove Park and the incompatibility of the project with the neighborhood."[3] The BZA affirmed the Commission's decision in a similar manner. Appellant was notified of the BZA's decision by letter which merely restated that the basis for the decision was "the projects density; its effects on Town Run Marsh and Morgan Grove Park; and its incompatibility with the neighborhood."

■ In *Harding,* we explained that findings of fact are important when either a variance or conditional use is sought. The rationale for requiring written findings of fact is simple:

'Without such findings it would not be possible for the circuit court upon certiorari or this Court upon writ of error to determine whether the conditional use sought by the applicant before the board violated any of the conditions required be-

2. *See W.Va.Code,* 8–24–59 [1969].

3. The minutes state, in pertinent part:
    The public hearing was closed at 8:33 p.m. Paul outlined the Planning Commission's options. After discussion Dick Flaherty motioned to deny issuance of the Conditional Use

Permit based on the density, the projects danger to the Town Run and Morgan Grove Park and the incompatibility of the project with the neighborhood. Ernie Benner seconded the motion. Cam called for the question. The motion carried unanimously.

fore the granting of such a conditional use. In other words, these review procedures would be worthless if it could be said that written findings are not necessary, for there would be nothing to review.'

159 W.Va. at 82, 219 S.E.2d at 330, *quoting, and overruling on other grounds, Miernyk v. Board of Zoning Appeals,* 155 W.Va. 143, 148, 181 S.E.2d 681, 684 (1971). Based upon this rationale, we held in syllabus point 4 of *Harding* that:

Where the power to pass upon special exceptions or conditional uses allowable by a zoning ordinance has been delegated to an administrative body, the body must set forth the factual basis of its determination so that a reviewing court may ascertain whether the administrative decision conforms to the standards in the ordinance for the particular action taken.

*See also* syl. pt. 4, *Shannondale.*[4]

In this case, the BZA's decision is not supported by adequate findings of fact. The BZA's one sentence explanation for its action, which merely repeated the Commission's minutes, does not allow for meaningful review. Therefore, we reverse and remand this case to the circuit court with directions to remand the case to the BZA and direct it to make the requisite findings of fact.

■ In syllabus point 5 of *Harding,* we stated that: "When a reviewing court has determined that there was reversible error in an administrative decision and the cause is remanded without restrictions to the administrative body, that tribunal is vested with discretion to decide whether to conduct reconsideration merely or a full rehearing." *See also* syl. pt. 5, *Shannondale.* Accordingly, the BZA may exercise its own discretion regarding whether to conduct another hearing before making the appropriate findings of fact.

The appellants have assigned additional errors to the circuit court's order affirming the decision of the BZA. In view of our decision remanding this case for findings of fact, we decline to consider those arguments.

4. *W.Va.Code,* 8–24–55 [1969] sets forth the powers, authority and duties of a board of zoning

Based upon all of the above, the final order of the Circuit Court of Jefferson County is reversed, and this case is remanded to the court for proceedings consistent with this opinion.

Reversed and remanded.

appeals. *See also Dewey v. Board of Zoning Appeals,* 185 W.Va. 578, 408 S.E.2d 330 (1991).