UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AUBREY E. HENRY,
              *Plaintiff-Appellant,*

v.

THE JEFFERSON COUNTY PLANNING
COMMISSION; SCOTT COYLE,
Commission Member, in his
individual capacity; H. RICHARD
FLAHERTY, Commission Member, in
his individual capacity; PAUL
GRIGER, Commission Member, in
his individual capacity; SAM
DONLEY, Commission Member, in
his individual capacity; JIM KNODE,
Commission Member, in his
individual capacity; ERNIE BENNER,
Commission Member, in his
individual capacity; GILBERT PAGE
WRIGHT, Commission Member, in
his individual capacity; LYLE
CAMPBELL TABB, Commission
Member, in his individual capacity;
PAUL J. RACO, Director of Planning
and Zoning, in his individual and
official capacity; JEFFERSON COUNTY;
JEFFERSON COUNTY BOARD OF ZONING
APPEALS,

              *Defendants-Appellees,*

              and

No. 01-1948

STATE OF WEST VIRGINIA,

        *Defendant.*

PACIFIC LEGAL FOUNDATION,

        *Amicus Curiae.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-96-40-3, CA-99-25-3)

Argued: February 28, 2002

Decided: May 7, 2002

Before WILKINSON, Chief Judge, and NIEMEYER and
MICHAEL, Circuit Judges.

___

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

___

## COUNSEL

**ARGUED:** James Sherman Burling, PACIFIC LEGAL FOUNDA-TION, Sacramento, California, for Amicus Curiae. Michael Douglas Lorensen, BOWLES, RICE, MCDAVID, GRAFF & LOVE, P.L.L.C., Martinsburg, West Virginia, for Appellees. John Christian Yoder, Harpers Ferry, West Virginia, for Appellant.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

___

**OPINION**

PER CURIAM:

The Jefferson County Planning and Zoning Commission denied, by unanimous vote, Aubrey Henry's application for a conditional use permit to build a 76-unit townhouse development on 9.8 acres of land in Jefferson County, West Virginia. Henry sued the Commission and others, asserting that the local zoning ordinance was unconstitutionally vague on its face and that the denial of the permit to build the townhouse project amounted to an unconstitutional taking of his property without just compensation and violated his due process and equal protection rights. The district court granted summary judgment to the defendants on the vagueness challenge to the zoning ordinance and dismissed Henry's other claims on the grounds of *Burford* abstention. In reviewing that decision in an earlier appeal, we affirmed the ruling that the ordinance was not unconstitutionally vague, vacated the dismissal of the remaining claims, and remanded for further proceedings. The district court then granted summary judgment to the defendants on these remaining claims, and Henry appeals for a second time. He is joined by the Pacific Legal Foundation as amicus curiae. We now affirm the district court's grant of judgment to the defendants on the substantive due process claim and vacate the judgment on the takings claim because the latter claim is not ripe for review.

I.

Aubrey Henry is part owner of a 13.69-acre tract of land located in Jefferson County, West Virginia. Henry owned and operated a restaurant on this property beginning in 1979, when he took over the restaurant from his parents. In 1988 Jefferson County enacted a new Zoning Development and Review Ordinance which zoned the property as a Rural-Agricultural District. Henry's restaurant was a nonconforming use under the new ordinance, but he was permitted to continue operating the restaurant under a grandfather clause. In 1993 the restaurant burned to the ground. Henry discussed rebuilding the restaurant with Paul Raco, the Director of the Jefferson County Planning and Zoning Commission. According to Henry, Raco told him that he should not bother applying for a permit to rebuild the restaurant because he would not be able to satisfy a number of necessary

conditions. Instead, Raco allegedly told Henry to submit an alternative plan to build townhouses. If this was approved, then supposedly it would be easier for Henry to get approval at a later time to rebuild his restaurant.

Allegedly in reliance on this advice, Henry in early 1994 sought a conditional use permit for a 76-unit townhouse project on 9.8 acres of the property. Because the land had reverted to agricultural use after the restaurant burned down, Henry's proposed use was not allowed as of right. Henry properly sought a conditional use permit under Jefferson County's Development Review System. After processing Henry's proposal according to this system, the Commission unanimously voted to deny the permit. The Commission denied the permit based on the project's high housing unit density (which was much greater than the density in the surrounding area), its effect on the adjacent park, and its general incompatibility with the neighborhood.

Pursuant to state law procedure, Henry appealed this decision to the Jefferson County Board of Zoning Appeals. The Board affirmed the Commission's findings and decision. Henry then challenged the Board's decision through the West Virginia state court system. He sought certiorari in state circuit court, which affirmed the Commission's decision. Henry then sought review in the Supreme Court of Appeals of West Virginia, which remanded the case to the Board with instructions that the Board support its decision with more thorough fact-finding. The Board gave Henry the opportunity to present more evidence, but Henry requested instead that the Board expedite the decision without another hearing. The Board then issued a six-page decision affirming the denial. The Board concluded that the Zoning Commission had properly followed the public hearing procedures set out in the ordinance. It also concluded that the proposed development, with a density of 7.75 housing units per acre, was incompatible with the relative density of the surrounding area, which consisted mainly of one single family home per two acres or more of land. The Board found the proposed development incompatible with the purpose of the Rural-Agricultural District, which was intended "to provide a location for low density single family residential development in conjunction with providing continued farming activities" and "to preserve the rural character of the County and the agricultural community." Jefferson County, W.Va., Zoning and Development Review Ordinance § 5.7

(1988). Henry again sought certiorari in the circuit court, which affirmed the Board's decision. The Supreme Court of Appeals of West Virginia denied review. Throughout this state review process, Henry challenged the legal and factual sufficiency of the Commission's decision. At no time during this process did Henry seek compensation for the denial of his permit. *See, e.g.*, *Henry v. Jefferson County Planning Comm'n*, 496 S.E.2d 239 (W.Va. 1997).

Henry also brought suit in federal district court, challenging the constitutionality of the ordinance, alleging an unconstitutional taking of his property, and claiming due process and equal protection violations. As noted above, we affirmed the district court's ruling that the ordinance was not unconstitutionally vague in a prior appeal, but we remanded Henry's remaining claims for further proceedings. On remand, the district court granted summary judgment to the defendants on these claims. Henry now appeals the district court's ruling on his takings and substantive due process claims, but he does not appeal the court's ruling on the equal protection claim.

## II.

We first address Henry's takings claim. The Takings Clause of the Fifth Amendment to the Constitution, applicable to the states through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. As the Supreme Court has explained, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 (1985). Thus, the mere taking of a landowner's property does not violate the Fifth Amendment; the violation occurs only when the property is taken *and* the landowner has been denied just compensation. That is to say, "the property owner cannot claim a violation of the Just Compensation Clause until [he] has used [State compensation] procedure[s] and been denied just compensation." *Id.* at 195. So long as the state provides a "reasonable, certain and adequate provision for obtaining compensation," a landowner's takings claim is not ripe until he has exhausted state compensation procedures.[1] *Id.* (quotations omitted).

---

[1] With regard to exhaustion in takings claims, it is important to distinguish between *Williamson*'s "final decision" requirement and its "just

Here, Henry has not pursued state compensation procedures, nor does he present evidence that there is no such procedure available. If the West Virginia courts had made clear that no state process exists for seeking compensation in these circumstances, then Henry could plausibly claim that he had been denied just compensation. Likewise, if a state compensation process existed but the West Virginia courts had made clear that, for example, a landowner is never entitled to compensation for zoning restrictions on property, then Henry could claim that he had been denied just compensation without having to pursue a clearly meritless claim. *See Naegele Outdoor Advertising, Inc. v. City of Durham*, 803 F.Supp. 1068, 1072-73 (M.D.N.C. 1992) (takings claim ripe because prior North Carolina court decisions made clear that no compensation was due when a challenged ordinance contained an amortization period), *aff'd*, 19 F.3d 11 (4th Cir. 1994) (per curiam), *cert. denied*, 513 U.S. 928. While it appears that West Vir-

---

compensation" requirement. A takings claim is "not ripe until the government entity charged with implementing the [challenged] regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson*, 473 U.S. at 186. However, once a final decision has been reached by the initial decisionmaker, a landowner need not exhaust state procedures for review of that final decision in order to ripen a takings claim. *Id.* at 192-94. Here, Henry has in fact exhausted state procedures for reviewing the Commission's denial of his conditional use permit. While he did not need to pursue such review in order to satisfy *Williamson*'s "final decision" requirement, we do not suggest that pursuing state review is a pointless or unadvisable course of action. Indeed, in this case the Supreme Court of Appeals of West Virginia required the Board of Zoning Appeals to justify its conclusions with more extensive fact-finding, even though the permit denial was ultimately upheld. State review provides a valuable check on potentially arbitrary local decisionmaking and is often a better course of action than immediately seeking federal review. We simply note that exhausting state procedures to review a "final decision" is not required to ripen a federal takings claim. In contrast, a landowner must exhaust state compensation requirements in order to demonstrate that a Fifth Amendment violation has occurred. As stated above, while Henry did exhaust state procedures to review the Commission's decision, he did not seek compensation during that process. *Cf. McFillan v. Berkeley County Planning Comm'n*, 438 S.E.2d 801 (W.Va. 1993) (considering takings claim raised during the course of review of Commission's decision).

ginia does not have a statutory inverse condemnation procedure, a West Virginia landowner, at least in some circumstances, may seek compensation for damage to property by bringing a mandamus action against a state official to compel that official to institute statutory eminent domain proceedings. *See Shaffer v. West Virginia Dep't of Transp.*, 542 S.E.2d 836 (W.Va. 2000); *Carter v. City of Bluefield*, 54 S.E.2d 747 (W.Va. 1949). We do not speculate as to whether mandamus would be available in this particular case; it is enough to observe that the West Virginia courts have generally recognized this compensation procedure in the past and that Henry has not demonstrated that the procedure is unavailable in this case. Accordingly, Henry has not established that his property has been taken *without just compensation*. Because the Fifth Amendment only prohibits the taking of property without just compensation, Henry's takings claim is not ripe and must be dismissed without prejudice.[2]

---

[2]Commentators have criticized the use of the term "ripeness" to describe the "just compensation" requirement, stating that "the ripeness label gives the erroneous impression that litigation in state court will ripen a federal takings claim. In reality . . . preclusion and the *Rooker-Feldman* doctrine often will bar federal court relitigation." Douglas T. Kendall et al., *Choice of Forum and Finality Ripeness: The Unappreciated Hot Topics in Regulatory Takings Cases*, 33 Urb. Law. 405, 409 (2001). *See also* Julian C. Juergensmeyer & Thomas E. Roberts, *Land Use Planning and Control Law* 450-51 (1998). The point is well taken. A determination that a claim is unripe often suggests that a litigant will eventually be able to return to federal court for a decision on the merits. Litigants should be aware that in the context of takings jurisprudence, a dismissal for ripeness does not imply that the litigant will eventually have the opportunity to litigate the merits of their takings claim in federal court. Often, by the time a federal takings claim is ripe, it is also precluded from being litigated. *See Dodd v. Hood River County*, 136 F.3d 1219 (9th Cir. 1998); Thomas E. Roberts, *Ripeness and Forum Selection in Fifth Amendment Takings Litigation*, 11 J. Land Use & Envtl. L. 37, 72 (1995) ("Ironically, an unripe suit is barred at the moment it comes into existence. Like a tomato that suffers vine rot, it goes from being green to mushy red overnight."). Nevertheless, the Supreme Court has referred to the "just compensation" predicate as a ripeness requirement, *see Williamson*, 473 U.S. at 194, and we think the term, despite its potentially misleading connotations, most accurately explains why Henry's claim cannot be considered on the merits at this stage. State court litigation does ripen the federal claim; any subsequent bar to federal court litigation would not be a ripeness bar, but a claim or issue preclusion bar.

### III.

Henry also claims that the Commission's denial of his conditional use permit constituted a violation of his substantive due process rights. To establish this, Henry must demonstrate: (1) that he had a property interest in his proposed project; (2) that the state deprived him of this interest; and (3) "that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Development Corp. v. Calvert County*, 48 F.3d 810, 827 (4th Cir. 1995).

In this case, Henry has failed to establish that he possesses a property interest in the conditional use permit to build the townhouses. We have made clear that when a "land-use regulation[ ] grant[s] discretion to [government] officials with regard to approval of the proposed development, [a landowner] possess[es] no property interest protected by the Fourteenth Amendment." *Gardner v. City of Baltimore*, 969 F.2d 63, 64 (4th Cir. 1992). If local regulations make it clear that a landowner is *entitled* to a permit upon application or upon the meeting of certain conditions, then the landowner has a property interest in that permit. *See Scott v. Greenville County*, 716 F.2d 1409, 1418 (4th Cir. 1983) ("Under South Carolina law settled well before he applied for the building permit, Scott enjoyed an entitlement to the issuance of a permit upon presentation of an application and plans showing a use expressly permitted under the then-current zoning ordinance."). On the other hand, "[a]ny significant discretion conferred upon the local agency [to issue or deny the permit] defeats the claim of a property interest." *Gardner*, 969 F.2d at 68. *See also Sylvia*, 48 F.3d at 826-27.

Here, it is clear that Henry is not entitled as a matter of right to a permit for his high-density townhouse project. Rather, the issuance of this permit is within the discretion of the Commission, guided by the process and factors enumerated in the zoning ordinance. Accordingly, Henry has no protected property interest in this permit, and his substantive due process claim has no merit. Henry also presses a substantive due process claim with regard to his restaurant. However, Henry has yet to apply for or be denied a permit to rebuild his restaurant. Even if, as Henry alleges, Raco told him that he would not be able to obtain the restaurant permit, Henry must at least present the plan

to the Commission and be turned down before he can claim that he was deprived of the opportunity to rebuild. Thus, aside from whether Henry even possesses a protected property interest in rebuilding the restaurant, he has not yet been deprived of any such interest because Jefferson County has not prohibited him from rebuilding. As noted above, Henry's substantive due process rights have not been violated until, at the very least, he has been deprived of his property. *Sylvia*, 48 F.3d at 827.

Henry also challenges the district court's grant of qualified immunity to the individual defendants. Normally, the question of qualified immunity arises only when some constitutional violation has occurred. Here, the court reached the question of qualified immunity because it disposed of the claims against the individual defendants two months before it determined on the merits that Henry's substantive due process right had not been violated. At this stage of the proceedings, because we agree that no due process violation has occurred, there is no liability either individually or officially and the question of immunity does not arise.

## IV.

In sum, Henry's takings claim is not ripe because he has not sought just compensation from the State of West Virginia and been denied it. Thus, we vacate the district court's grant of summary judgment to the defendants on Henry's takings claim and remand with instructions to dismiss the claim without prejudice. We affirm the district court's grant of summary judgment to the defendants on Henry's substantive due process claim.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*