584 S.E.2d 215

**Michael J. BURKEY and Linda Burkey, Petitioners Below, Appellants,**

v.

**THE BOARD OF ZONING APPEALS OF THE CITY OF MOUNDSVILLE BY ITS CHAIRPERSON, Ruth Lynn Thompson; and Jeannie Church DBA Jeannie's Coffee Shop; Francis Tucker, Individually and as an Officer of Mound City, Inc., a Corporation, Respondents Below, Appellees.**

No. 31060.

Supreme Court of Appeals of West Virginia.

Submitted June 17, 2003.

Decided July 2, 2003.

Michael J. Burkey, Esq., Linda Burkey, Esq., Burkey & Burkey, Moundsville, pro se.

Randy Dean Gossett, Esq., Law Offices of Randy Dean Gossett, Wheeling, for Jeannie Church and Francis Tucker.

David C. White, Esq., Neiswonger & White, Moundsville, for the Board of Zoning Appeals of the City of Moundsville.

PER CURIAM.

This case is before this Court upon the appeal of Michael J. Burkey and Linda Burkey from the final order of the Circuit Court of Marshall County entered on March 6, 2002. Pursuant to the order, the Circuit Court upheld a ruling of the Board of Zoning Appeals of the City of Moundsville which granted the appellees, Jeannie Church and Francis Tucker, a variance from the City's zoning ordinances. Specifically, the variance allowed the appellees to seek a license from the State of West Virginia to sell nonintoxi-

cating beer at Jeannie's Coffee Shop, located at 272 Jefferson Avenue in Moundsville.

This Court has before it the petition for appeal of the Burkeys, all matters of record and the briefs filed by the parties. As discussed below, the Board of Zoning Appeals failed to communicate or set forth any factual or legal basis concerning the granting of the variance to the appellees. Consequently, this Court is of the opinion that the Circuit Court was precluded from conducting a proper judicial review of the Board's ruling. Therefore, the final order of the Circuit Court is reversed, and the variance issued in this case is set aside.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The appellants, Michael J. Burkey and Linda Burkey, are practicing attorneys and own a two-story house on Third Street in Moundsville, West Virginia, which serves as their residence and law office. Along the western boundary of the property is a 9 foot alley which separates the Burkeys' property from an establishment located at 272 Jefferson Avenue known as Jeannie's Coffee Shop. The Coffee Shop is operated by appellee Jeannie Church and is owned by Mound City, Inc. The president of Mound City, Inc., is appellee Francis Tucker. According to the appellants, Jeannie's Coffee Shop is open 24 hours per day, seven days per week.

Regulation 1381.18(a) of the Moundsville zoning ordinances states that it shall be unlawful for any liquor establishment (defined in the regulations as a business where "beer or intoxicating liquor" is sold) "to be located within 300 feet of any other liquor establishment, church or school." Although never factually determined below, Jeannie's Coffee Shop was apparently located within 300 feet of one or more liquor establishments in the City and within 300 feet of the Moundsville Presbyterian Church. Thus, desiring to obtain a license for the sale of nonintoxicating beer at the Coffee Shop "as an adjunct of their food service business," the appellees first sought a zoning variance. *See, W.Va.*

*Code,* 11–16–5 [1986], requiring a State license for the sale of nonintoxicating beer.

Following an initial denial in September 1998 by a municipal zoning officer, the appellees pursued their request for a variance before the Board of Zoning Appeals of the City of Moundsville. On February 3, 1999, the Board conducted a hearing at which the appellees, Jeannie Church and Francis Tucker, appeared and spoke in favor of the variance. The appellants, Michael J. Burkey and Linda Burkey, appeared in opposition to the variance. The appellants argued that the granting of the variance would exacerbate on-going problems associated with the 9 foot alley between the respective properties. Specifically, the Burkeys stated that the activities they observed in the alley over the years included illicit drug use, teenage drinking, sexual incidents and the use of the area as a public toilet. The appellants argued that the granting of the variance would only make those problems worse. In addition, the appellants asserted that the Board had failed to give proper notice of the February 3, 1999, hearing to all persons owning property within 200 feet of the area in question, as required by Regulation 1337.05(e) of the Moundsville zoning ordinances.

At the conclusion of the hearing, the Board of Zoning Appeals voted 4 to 1 to grant the variance. No findings of fact or conclusions of law were set forth concerning the ruling of the Board. Nor does the record in this case contain a transcript of the hearing. Following the hearing, the Board entered a written order granting the variance to the appellees. The order did not address the arguments of the Burkeys and did not set forth any factual basis concerning the granting of the variance or the issue concerning notice of the hearing.

The appellant Burkeys challenged the Board's ruling by filing a petition for a writ of certiorari in the Circuit Court of Marshall County. *W.Va.Code,* 8–24–59 [1969]. In the petition, the Burkeys asked the Circuit Court to prevent the sale of nonintoxicating beer at Jeannie's Coffee Shop by restoring the zoning limitations applicable to the appellees' property. In that regard, the appellants alleged, *inter alia,* that the Board of Zoning Appeals acted improperly: (1) by failing to

set forth any substantive facts concerning the granting of the variance and (2) by failing to give proper notice of the February 3, 1999, hearing to all interested landowners. In September 2001, the Circuit Court denied the appellees' motion to dismiss the case and directed the Board of Zoning Appeals to "present material to show the grounds of the decision or order appealed from [herein]." *W.Va.Code,* 8–24–63 [1969]. In response, the Board transmitted to the Circuit Court a number of letters and documents concerning the proceedings before the Board but did not submit any elaboration with regard to the granting of the variance.

Nevertheless, by final order entered on March 6, 2002, the Circuit Court upheld the ruling of the Board of Zoning Appeals. In so holding, the Circuit Court emphasized the usual informality of proceedings before the Board and stated:

> In this case, although specific findings sufficient for this Court to conduct a judicial review are absent, this Court can infer findings because the intent of the Board is sufficiently implied. * * * The Board obviously felt the variance was proper, and in equity and fairness should be granted. The Court has considered all the arguments of the [Burkeys] and is of the opinion that the Board afforded [them] a fair hearing, and the Board's decision should not be set aside.

In July 2002, the Burkeys filed an appeal to this Court. *W.Va.Code,* 8–24–65 [1969].

## II.

### DISCUSSION

■ The Burkeys challenged the ruling of the Board of Zoning Appeals by filing a petition for a writ of certiorari in the Circuit Court of Marshall County. *See, W.Va.Code,* 8–24–59 [1969], which provides that the rulings of a board of zoning appeals "shall be subject to review by certiorari." In that regard, the filing of a return in circuit court by a board of zoning appeals is contemplated in *W.Va.Code,* 8–24–63 [1969]. Indicating that a board of zoning appeals must do more than simply restate its ruling, *W.Va.Code,* 8–24–63 [1969], requires that the return to the

writ of certiorari by a board of zoning appeals "must concisely set forth such facts and data as may be pertinent and present material *to show the grounds* of the decision or order appealed from." (emphasis added).

■ The duty of a board of zoning appeals to show the grounds of its decision or order, however, arises when the board makes its decision or enters its order, and not merely later in time when the case is on review upon a petition for a writ of certiorari. That duty takes the form of setting forth findings of fact and conclusions of law contemporaneous with the board's ruling. Such a requirement is especially applicable in the case now before this Court in view of Regulation 1337.04(d) of the Moundsville zoning ordinances. That Regulation states in part:

> The Board may grant a variance provided the following findings are made where relevant in a given case: ... (5) The variance, if authorized, shall not alter the essential character or permitted uses of the district in which the property is located nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare [.]

Undoubtedly, the standards and criteria expressed in Regulation 1337.04(d) were relevant to the variance issue before the Board of Zoning Appeals of the City of Moundsville considering the problems alleged by the Burkeys with respect to the 9 foot alley. In granting the variance, however, the Board never specifically addressed the Burkeys' arguments.

■ In *American Tower Corporation v. Common Council of the City of Beckley,* 210 W.Va. 345, 557 S.E.2d 752 (2001), the Board of Zoning Appeals of the City of Beckley failed to make written findings of fact when it approved a conditional use permit for the construction of a radio antenna tower within the City's corporate limits. Consequently, this Court, upon appeal, determined that it could not evaluate the correctness of the Board's decision. Remanding the case for further proceedings, this Court, in *American Tower,* held in syllabus point 7 as follows: "When a board of zoning appeals decides

special exceptions to the terms of a zoning ordinance, the board shall issue written findings of fact to permit a reviewing court to ascertain whether the board's decision complies with the standards set forth therefor in the subject ordinance."

■ Comparable to *American Tower* is the earlier holding in *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975), syllabus point 5 of which presupposes the setting forth of findings of fact and conclusions of law by a board of zoning appeals: "While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syl. pt. 1, *Henry v. Jefferson County Planning Commission,* 201 W.Va. 289, 496 S.E.2d 239 (1997); syl., *Ranson v. City of Charleston,* 201 W.Va. 241, 496 S.E.2d 191 (1997). *See also,* syl. pt. 4, *Shannondale, Inc. v. Jefferson County Planning and Zoning Commission,* 199 W.Va. 494, 485 S.E.2d 438 (1997); syl. pt. 4, *Harding v. Board of Zoning Appeals,* 159 W.Va. 73, 219 S.E.2d 324 (1975). As syllabus point 4 of *Harding* states:

Where the power to pass upon special exceptions or conditional uses allowable by a zoning ordinance has been delegated to an administrative body, the body must set forth the factual basis of its determination so that a reviewing court may ascertain whether the administrative decision conforms to the standards in the ordinance for the particular action taken.

Although the opinion in *Harding* recognizes distinctions among the terms "variance," "special exception" and "conditional use," those distinctions are not dispositive in the circumstances of this case, especially in view of the admonition expressed in *American Tower* that, unless a board of zoning appeals makes its findings and conclusions known, this Court cannot "evaluate the correctness" of the board's ruling. 210 W.Va. at 347, 557 S.E.2d at 754. Accordingly, based upon: (1) the requirement of *W.Va.Code,* 8–24–63 [1969], "to show the grounds of the decision or order," (2) the specific findings to be made pursuant to Regulation 1337.04 and (3) the decisions of this Court cited above, the Board of Zoning Appeals of the City of Moundsville should have set forth some factual or legal basis for the granting of the variance to the appellees.

■ Nor should the Circuit Court have "inferred" the grounds of the Board's ruling. As stated above, the contentions of the appellant Burkeys before the Board of Zoning Appeals and the Circuit Court included both the allegation that the granting of the variance would exacerbate on-going problems concerning the 9 foot alley and the allegation that the Board had failed to give proper notice of the February 3, 1999, hearing to all interested landowners. With regard to the 9 foot alley, the Burkeys asserted:

[T]he irregular offsets and hidden areas at the rear of the building at 272 Jefferson and at 268 Jefferson are such that there are areas virtually or actually hidden from view of police patrol. Historically those areas have harbored bad acts involving alcohol, drugs, sex, violence and weapons, even though beer has never been sold in those buildings during the last ten years. Beer sales can only make the situation deteriorate [.]

Certainly, therefore, the significance and variety of the allegations of the Burkeys were such that the inferring of a basis for the ruling of the Board of Zoning Appeals was inappropriate. Inasmuch as the Circuit Court in September 2001 directed the Board, unsuccessfully, to show the grounds of its ruling and then noted the absence of findings for purposes of judicial review, the Circuit Court, *a fortiori,* committed error in upholding the Board's decision to grant the variance.

III.

CONCLUSION

Upon all of the above, this Court is of the opinion that the Circuit Court was precluded from conducting a proper judicial review of the ruling of the Board of Zoning Appeals of the City of Moundsville. Therefore, the final order of the Circuit Court entered on March

6, 2002, is reversed, and the variance issued in this case is set aside.

Reversed.

ALBRIGHT, Justice, concurring in part, dissenting in part.

I concur in the judgment of the Court that the variance granted by the Board of Zoning Appeals of the City of Moundsville must be set aside. I dissent from the decision of the majority not to remand the matter for further proceedings consistent with the Court's opinion. That is the course this Court adopted in similar circumstances in *Harding v. Board of Zoning Appeals,* 159 W.Va. 73, 219 S.E.2d 324 (1975). *See also American Tower Corporation v. Common Council of the City of Beckley,* 210 W.Va. 345, 557 S.E.2d 752 (2001), where we required that the Beckley Board of Zoning Appeals, not its common council, ultimately decide such issues.

The Board of Zoning Appeals of the City of Moundsville should be required to fully consider the matter in light of the ruling of this Court and the applicable law. After proper notice and hearing, it should be required to either articulate the required findings of fact and law supporting the granting of the variance or the basis for rejecting the application, as the case may be, after balancing the claims of the persons applying for the variance, the objections of the appellants, the interests of the City and those of all of its residents under the state and municipal law.

The core problem before us is that the Board of Zoning Appeals did not articulate required findings or any reasons for its decision. It failed to demonstrate a thorough consideration of the competing interests of all interested parties. In particular, it failed to credit the specific objections of the appellants, at least part of which are set forth in the majority opinion, and the Board failed to demonstrate that it weighed those objections against any countervailing considerations the record might disclose.

In my judgment, this Court should encourage thorough, open and articulated consideration by the Board of Zoning Appeals of the kinds of issues giving rise to this case. We should not undertake, in effect, to adjudicate those matters here, particularly on an incomplete record. Such matters should be considered under the clear provisions of West Virginia Code § 8–24–57, *et seq.,* and the applicable provisions of municipal ordinances, in this case, of the City of Moundsville. The relevant decisions should be made in and by the city involved, not by this Court.